**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER DANIEL BOMMERITO, JR., | ) | No. C 05-2341 PJH (PR) |
| Petitioner, | ) | GRANT OF LEAVE TO |
| | ) | PROCEED IN FORMA |
| vs. | ) | PAUPERIS; ORDER TO SHOW |
| | ) | CAUSE |
| JILL BROWN, Warden, | ) | |
| | ) | |
| Respondent. | ) | (Doc 2) |
| _____ | ) | |

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. See 28 U.S.C. § 2241(d).

**BACKGROUND**

Petitioner was convicted of murder in 1975. He received a sentence of seven years to life in prison. In 2003 he was denied parole; it this decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause

1  why the writ should not be granted, unless it appears from the application that the

2  applicant or person detained is not entitled thereto." Id. § 2243.

3  B.  Legal Claims

4  As grounds for federal habeas relief, petitioner asserts that:  (1)  His ex post

5  factor rights were violated when the Board of Prison Terms used a determinant to deny

6  him parole which was not in effect until eighteen years after his offense; (2) the denial of

7  parole violated due process in that no evidence supported it; (3) his due process rights

8  were violated in that parole was denied on the basis of "facts" which were untrue; (4) his

9  due process and ex post facto rights were violated when denial of parole was based

10  upon a counselor's report that classified the danger that he would reoffend as

11  "unpredictably high," when the counselor explained that it was "unpredictably" because

12  no one can predict if someone will reoffend; (5) the parole board's basing its decision in

13  part on petitioner's lack of firm offers of employment, lack of a place to live, and "vague"

14  parole plans, violated petitioner's ex post facto rights; (6) the state courts' failure require

15  compliance with state law was "egregious."

16  Petitioner's last claim involves only a violation of state law, and thus is not

17  grounds for federal habeas relief.  The remainder of the claims are sufficient to require a

18  response.

19  **CONCLUSION**

20  1.  Leave to proceed in forma pauperis (doc 2) is DENIED.  Petitioner must pay

21  the five-dollar filing fee within thirty days or this case will be dismissed.

22  2.  Petitioner's issue (6), regarding state courts, is DISMISSED.

23  3.  The clerk shall serve the petition and this order on respondent and

24  respondent's attorney, the Attorney General of the State of California, by regular mail.

25  4.  Respondent shall file with the court and serve on petitioner, within sixty days of

26  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

27

28

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

6.  Petitioner is reminded that all communications with the court must be served on respondent.  He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute.

SO ORDERED.

DATED:  July 11, 2005.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\BOMMERITO341.OSC